McIlvaike, J.
The instruction requested, or its equivalent, should have been given to the jury. The instructions given were defective and insufficient, as they do not contain the proper limitation upon the right to use force to-repel an assualt.- It is not enough for a defendant, in order to justify an assault and battery, to show that he was acting in self-defense; but he must also show that no more force was used by him than the exigency reasonably demanded. The doctrine is well stated by Bigelow, J., in Brown v. Gordon, 1 Gray, 182: “If he (the defendant) was guilty of an unreasonable and disproportionate degree of violence toward the person of another, he is liable for the excess, although he was acting in self-defense. In such cases, the question is not merely whether the defendant was the assaulted party, and so had a right to repel force by force; but also as to the degree of the beating, and its *101 proportion to the assault of tbe plaintiff. The instructions required the jury in this case, merely to find the fact that the assault complained of was defensive, whereas they should have been instructed to consider and determine whether it was disproportionate to the assault relied on for justification,” etc.
In the case before us, the defendant, without any reasonable grounds for apprehending danger to life, or great bodily harm, as the testimony tends to show, inflicted a wound ■with a dangerous weapon. Whether accidentally or purposely, it is true, was a matter of contention; but, to say the least, it was a case in which the jury, under proper instructions, should have been required to find whether or not the resistance, under the circumstances, was in excess of ■the right of self-defense.
Motion granted, judgment of the district court and of the common pleas reversed, and cause remanded for a new trial.